IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUBREY ANTHONY WILSON, | § | |
| INMATE #94013279, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1616 |
| | § | |
| MAJOR DICKIE, | § | |
| RANKING OFFICER OF THE | § | |
| JOE CORLEY DETENTION CENTER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Aubrey Anthony Wilson (#94013279), filed the complaint in this case under 42 U.S.C. § 1983, while he was in custody at the Joe Corley Detention Facility. Wilson appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.      BACKGROUND

Wilson, a follower of the Rastafarian movement, complains that Major Dickie violated his right to adhere to his central religious tenets by failing to provide Wilson with food and beverage that does not violate the Rastafarian laws. He seeks injunctive and declaratory relief. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    <u>STANDARD OF REVIEW</u>

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact."  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does

not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted).

In the IFP context, review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  Of course, "[a] document filed *pro se* is 'to be liberally[ construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

## III.   DISCUSSION

Wilson asserts that Rastafarians do not eat the following items: beef, pork, chicken, turkey, shellfish, eggs, and dairy products; however, Rastafarians can eat fish if the fish have fins and scales.  He also states that it is forbidden for a Rastafarian to consume tap water or

any beverages made with tap water.  Further, as a Rastafarian, Wilson cannot eat from a plate, bowl, tray or any device that had been used to serve any type of meat.

Wilson arrived at the Joe Corley Detention Center on May 15, 2012, where he told several officers that he was Rastafarian and cannot consume certain foods and beverages. Despite this, no action was taken to accommodate his needs.  He refused to eat the first meal served to him at Joe Corley intake area because it was not consistent with the Rastafarian rules and practices.  Ten hours later, Wilson was taken to the medical department where a nurse asked him if he had any food allergies.  Wilson responded that he had not eaten or drunk anything since he was admitted to Joe Corley because of his Rastafarian beliefs. Upon hearing Wilson's conversation with the nurse, a correctional officer instructed Wilson to write down the foods which were forbidden by his religion and assured him that she would take the list to the kitchen.  Despite providing a list and a description of the customs and practices of the Rastafarian, Wilson still was not given an appropriate food or beverage.

Wilson alleges next that he informed Major Dickie of his religious strictures.  Major Dickie indicated that he intended to comply with Wilson's religious dietary needs and ordered him to go to the kitchen to see about getting a proper meal.  Wilson waited at the kitchen door for two hours without being served.   When Major Dickie saw what had happened, he ordered Wilson to return to his cell and assured him that lunch would be brought to him in a short while.  After waiting an hour for his lunch, Wilson asked a guard if he could see Major Dickie.  The guard answered that the Major had gone home.

Wilson spent the next few days without getting a satisfactory meal.  He states that during this period he spoke with staff members, correctional officers, and ranking officers about his religion and the lack of proper nutrition since his arrival at the Joe Corley Detention Center.  He says that everyone has told him that nothing could be done without Major Dickie's authorization.

Wilson argues that Major Dickie has violated his constitutional rights under the First Amendment, as well as his rights established by the Religious Land Use and Institutionalized Persons Act, by failing to provide him with meals and beverages that are prepared and served in a manner which is consistent with the Rastafarian religion. He seeks an injunctive order requiring Major Dickie to provide such meals and beverages.  Wilson also requests that the court order that he be fed meals which are reasonably appetizing and that no retaliatory action be taken against Wilson for filing this complaint.

Although Wilson alleges that he complained to Wilson and other officials about his mandated religious diet, he fails to show that he adequately exhausted available administrative remedies prior to filing his complaint with the federal court.  Before a prisoner can present a conditions claim in federal court pursuant to the PLRA, he must first exhaust those prison administrative remedies which are available to him.  42 U.S.C. § 1997e.  This applies to all aspects of prison life. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).  Joe Corley is a detention facility to which Wilson had only been recently assigned. Moreover, it is apparent that, as of June 5,2012, Wilson is no longer at Joe Corley because mail sent there by the Clerk was returned with a notation indicating that he has been

transferred or released (Docket Entry No. 4).  There is no indication that he had gone through the proper administrative channels to resolve his problem.  Therefore, the claim is subject to dismissal for failure to exhaust available remedies.  *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

Further, Wilson's absence from the Joe Corley Detention Center is important because he only seeks injunctive relief in order to rectify the alleged denial of proper food and drink at the facility.  After reviewing the returned mail (Docket Entry No. 4), the court verified that Wilson was transferred to the Federal Detention Center in Houston and subsequently was moved to the Federal Transit Center in Oklahoma City, Oklahoma. Wilson's projected release date is August 4, 2012.  *See* Bureau of Prisons Website, http://www.bop.gov/.  There is no indication that he will be returned to the Joe Corley Detention Center or that the alleged deprivation will continue.  Under these circumstances, Wilson's transfer to another facility renders moot any claim for injunctive relief concerning his confinement at the Joe Corley Detention Center.  *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *see also Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief).

It should also be noted that Wilson has failed to inform the court of his new address as required by Local Rule 83.4.  Apart from lacking merit, Wilson's complaint is subject to dismissal for want of prosecution.  *See* FED. R. CIV. P. 41(b).  Accordingly, the complaint must be dismissed for the reasons stated in this Memorandum and Order.

6

IV.     **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

2.      Officials at the Oklahoma City Federal Transfer Center are **ORDERED** to deduct funds from the inmate trust account of Aubrey Anthony Wilson, Jr., (#94013279) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3.      The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915A(e) for failure to state a claim on which relief can be granted.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) to the Inmate Trust Fund, Federal Transfer Center Oklahoma City, P.O. Box 898801, Oklahoma City, OK  73189; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>June 18, 2012.</u>

Nancy F. Atlas
United States District Judge

7